**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

JUN 11 2025

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SERGIO GEOVANI RODRIGUEZ GUERRERO, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 22-552 <br><br> Agency No. A075-490-064 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submission Deferred March 19, 2025**
Submitted June 11, 2025

Before: BOGGS,*** FRIEDLAND, and BRESS, Circuit Judges.

Sergio Geovani Rodriguez Guerrero, a native and citizen of El Salvador,

petitions for review of a Board of Immigration Appeals (BIA) decision dismissing

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Danny J. Boggs, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

his appeal of an Immigration Judge (IJ) order denying his applications for cancellation of removal, withholding of removal, and protection under the Convention Against Torture (CAT). When the BIA, as here, references the IJ's decision, we consider both decisions. *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.     Substantial evidence supports the agency's conclusion that Rodriguez Guerrero's qualifying relatives, his two United States citizen children, would not experience "exceptional and extremely unusual hardship" upon his removal from the United States, and therefore that Rodriguez Guerrero is ineligible for cancellation of removal. 8 U.S.C. § 1229b(b)(1)(D). Although we lack jurisdiction to review the agency's ultimate discretionary decision whether to grant cancellation of removal or any underlying findings of fact, we have jurisdiction to review the agency's hardship determination as a mixed question of law and fact under 8 U.S.C. § 1252(a)(2)(D). *See Wilkinson v. Garland*, 601 U.S. 209, 212, 225 & n.4 (2024); *Gonzalez-Juarez v. Bondi*, ---F.4th---, 2025 WL 1440220, at *3 & n.2 (9th Cir. May 20, 2025).

To demonstrate the required hardship, an alien must show hardship "that is substantially different from, or beyond, that which would normally be expected from the deportation of an alien with close family members [in the United States]." *Gonzalez-Juarez*, ---F.4th---, 2025 WL 1440220, at *8 (quoting *In re Monreal-*

*Aguinaga*, 23 I. & N. Dec. 56, 65 (B.I.A. 2001)). In making this determination, the agency "evaluates 'the ages, health, and circumstances' of qualifying relatives." *Id.* (quoting *Monreal-Aguinaga*, 23 I. & N. Dec. at 63). We review the agency's hardship determination for substantial evidence. *See id.* at *7. "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

In this case, substantial evidence supports the agency's determination that Rodriguez Guerrero did not demonstrate the required hardship for purposes of cancellation of removal. The agency considered the hardship to Rodriguez Guerrero's two children, finding that because the children's mother already has custody four days a week, she would be able to care for them upon Rodriguez Guerrero's departure. The agency also concluded that both children are healthy, and that although Rodriguez Guerrero asserted that his son is in counseling, he had provided no corroborating evidence of this. Given all of these circumstances, substantial evidence supports the agency's conclusion that Rodriguez Guerrero's qualifying relatives would not experience exceptional and extremely unusual hardship if Rodriguez Guerrero is removed from the United States. *See Gonzalez-Juarez*, ---F.4th---, 2025 WL 1440220, at *9 ("[T]he hardship determination requires hardship that deviates, in the extreme, from the hardship that ordinarily occurs in removal cases.").

2.      The agency did not err in denying withholding of removal.  To establish eligibility for withholding of removal, Rodriguez Guerrero must "prove that it is more likely than not" that he will be persecuted in El Salvador "because of" membership in a particular social group or other protected ground.  *Barajas-Romero v. Lynch*, 846 F.3d 351, 357 & n.5, 360 (9th Cir. 2017) (quoting 8 U.S.C. § 1231(b)(3)(A)).   We review de novo whether a particular social group is cognizable.  *Andrade v. Garland*, 94 F.4th 904, 910 (9th Cir. 2024).

Rodriguez Guerrero's withholding claim fails because his proposed particular social group is not cognizable.  Here, the IJ correctly determined that Rodriguez Guerrero's proposed particular social group of "Salvadoran men that have resided in the United States for extended period of time" was not defined with particularity. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (holding that the petitioner's proposed particular social group of "returning Mexicans from the United States" was "too broad to qualify as a cognizable social group"); *see also Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228–29 (9th Cir. 2016) (rejecting the petitioners' argument that the particular social group of "imputed wealthy Americans" was cognizable because "their family will be perceived as wealthy Americans in Mexico, and thus will become targets for kidnap[p]ing or torture").

3.      We review the denial of CAT relief for substantial evidence.  *See Sharma v. Garland*, 9 F.4th 1052, 1066 (9th Cir. 2021).  "To qualify for CAT relief,

a petitioner must show that [he] more likely than not will be tortured if [he] is removed to [his] native country." *Vitug v. Holder*, 723 F.3d 1056, 1066 (9th Cir. 2013). "To constitute torture, an act must inflict 'severe pain or suffering' and it must be undertaken 'at the instigation of, or with the consent or acquiescence of, a public official.'" *Hernandez v. Garland*, 52 F.4th 757, 769 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.18(a)(1)).

In this case, substantial evidence supports the agency's determination that Rodriguez Guerrero did not establish a likelihood of torture if removed to El Salvador. Rodriguez Guerrero did not experience any physical harm in El Salvador, and the record does not indicate that he would face a particularized risk of torture there. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (per curiam). Although Rodriguez Guerrero highlights gang violence in El Salvador, including gang violence against his cousins, this evidence does not compel the conclusion that Rodriguez Guerrero "faces any particularized risk" of torture if he returns to El Salvador. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 751 (9th Cir. 2022).

4. The temporary stay of removal will remain in place until the issuance of the mandate, and the motion to stay removal (Dkt. No. 3) is otherwise **DENIED**.

**PETITION DENIED.**